# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAROMIR KOVARIK**, | : | CIVIL ACTION NO. 1:09-CV-1646 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JOSEPH DOWNEY**, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Jaromir Kovarik ("Kovarik") brings this diversity action sounding in defamation, accusing defendant Joseph Downey ("Downey") of uttering false and derogatory statements in violation of Pennsylvania state law. In addition, Kovarik seeks to enforce a judgment for money damages issued by a magisterial district court in Palmyra, Pennsylvania. Presently before the court is Downey's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. (See Doc. 5.) For the reasons that follow, the motion will be denied.

## I. Statement of Facts[1]

The allegations contained in the complaint date back to October 11, 2008, when Kovarik purchased a 2004 Subaru Outback from Downey's business, Downey Auto Repair, located in Pawling, New York. (Doc. 1 ¶¶ 5, 8.) After the purchase was

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

complete, Kovarik allegedly discovered defects to the automobile's frame and demanded that Downey refund the costs of repair. (Id. ¶ 9-10.) Downey refused, prompting Kovarik to file a complaint in the magisterial district court in Palmyra, Pennsylvania. (Id. ¶ 10.)

A hearing on the dispute commenced on April 7, 2009. (Id. ¶ 11.) Kovarik was represented at this proceeding by Jennifer Wentzel, Esquire ("Attorney Wentzel"), while Downey appeared *pro se*. (See id. ¶¶ 13-14.) During his argument to the court, Downey asserted, *inter alia*, that Kovarik caused the damage to the vehicle himself. (Id. ¶ 14.) The court rejected these contentions, entered judgment in Kovarik's favor, and ordered Downey liable for the sum of $6,339.50. (See id. ¶ 34.) At the conclusion of the proceeding—and after the parties had vacated the courtroom—Downey approached Attorney Wentzel and accused Kovarik of both damaging the vehicle and lying to the court. (Id. ¶ 17.) Kovarik later requested that Downey retract his allegations, but Downey refused. (Id. ¶ 18.)

Kovarik commenced the instant suit by filing a complaint on August 26, 2009. (Doc. 1.) He alleges that Downey committed slander *per se* and requests special damages and a permanent injunction prohibiting Downey from levying accusatory statements regarding the underlying automobile dispute. Additionally, Kovarik requests that the court enforce the money judgment entered on April 7, 2009 by the magisterial district judge. On September 22, 2009, Downey filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Doc. 5.) The motion has been fully briefed and is ripe for disposition.

2

**II.     Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry.  In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Fowler v. UPMC

3

Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to establish defendant liability, however, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. **Discussion**

In the present motion, Downey moves to dismiss Kovarik's cause of action for slander *per se* for failure to state a claim. Downey also seeks dismissal of Kovarik's demand for a permanent injunction and his request to enforce the state-court money judgment. The court will address each of these matters *seriatim*.

A.  **Slander**[2]

"Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements."  Joseph v. Scranton Times L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008); see also Morrison v. Nat'l Broad. Co., 227 N.E.2d 572, 574 (N.Y. Ct. App. 1967).  A slanderous communication is a spoken or transitory form of defamation "intended to lower the view of the target of the communication in the community or . . . to deter third persons from associating with the target."  Reardon v. Allegheny Coll., 926 A.2d 477, 484 (Pa. Super. Ct. 2007); see also Idema v. Wager, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000).  To establish a *prima facie* claim of slander, a plaintiff must establish:  (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff;

---

[2] Jurisdiction over Kovarik's tort action is based on diversity of citizenship, see 28 U.S.C. § 1332, which requires the court to apply the choice of law rules of the forum state, Pennsylvania, to determine which state's substantive law governs the analysis, see Garcia v. Plaza Oldsmobile LTD, 421 F.3d 216, 219 (3d Cir. 2005) (citing, *inter alia*, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  "Where there is no difference between the laws of the forum state and those of the foreign jurisdiction, there is a 'false conflict' and the court need not decide the choice of law issue.  Lucker Mfg. v. Home Ins. Co., 23 F.3d 808, 813 (3d Cir. 1994).  Neither party has briefed the choice of law issue, and the court is unable to discern any meaningful difference between Pennsylvania and New York law as it relates to slander.  Thus, because no conflict has been identified, the court will avoid choosing one forum's law and will instead refer interchangeably to the defamation laws of Pennsylvania and New York.  See id. (avoiding choice of law question and referring reciprocally to laws of both fora when false conflict existed).

5

(6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 PA. CONS. STAT. § 8343; see also Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61-62 (2d Cir. 1993). However, if the communication in question "ascribes to another conduct, character, or a condition that would adversely affect his fitness for the proper conduct of his business, trade, or profession, [then it] is defamatory per se" and special harm need not be proved. Pelagatti v. Cohen, 536 A.2d 1337, 1345 (Pa. Super. Ct. 1987); see also Liberman v. Gelstein, 605 N.E.2d 344, 347-48 (N.Y. Ct. App. 1992). When presented with a purportedly slanderous communication, "[i]t is the function of the court to determine whether the challenged [communication] is capable of defamatory meaning." Tucker v. Phila. Daily News, 848 A.2d 113, 124 (Pa. 2004); see also Fordham v. Islip Union Free Sch. Dist., 662 F. Supp. 2d 261, 274 (E.D.N.Y. 2009) (internal quotations omitted).

In the matter *sub judice*, Downey allegedly approached Attorney Wentzel after the conclusion of court proceedings and accused Kovarik of dishonest conduct and of intentionally causing damage to the recently-sold 2004 Subaru Outback. (See Doc. 1 ¶ 17.) Downey does not question the defamatory nature of his comments, but instead claims that his statements are protected by an absolute privilege to speak freely during and in relation to legal proceedings. It is, of course, true that "all communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse." Smith v. Griffiths, 476 A.2d 22, 423 (Pa. Super. Ct. 1984) (quoting Binder v. Triangle Publ'ns,

6

Inc., 275 A.2d 53, 56 (Pa. 1971)); see also Bernstein v. Seeman, 593 F. Supp. 2d 630, 636 (S.D.N.Y. 2009). Moreover, this privilege is not limited to judges and attorneys, but also extends to both parties to the suit and witnesses. See Binder, 275 A.2d at 56 (explaining that "statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court"); see also Park Knoll Assocs. v. Schmidt, 451 N.E.2d 182, 184-85 (N.Y. Ct. App. 1983).

When a lawsuit participant's potentially defamatory comments are transmitted outside of the courtroom or pleadings, however, the privilege extends protection only to those statements "which are issued *in the regular course of judicial proceedings* and which are *pertinent and material to the redress or relief sought*." Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986) (emphasis in original); see also Bernstein, 593 F. Supp. 2d at 636. Thus, communications made during preliminary conferences, negotiations, and in routine correspondence may be privileged, provided the statements are directly relevant to the lawsuit and its claims.[3] See Pelagatti, 536 A.2d at 1344; Aequitron Med., Inc. v. Dyro, 999 F. Supp. 294, 297-98 (E.D.N.Y. 1998). Here, Downey allegedly accused Kovarik of being dishonest and of damaging the automobile. Even if the latter statement is somewhat relevant to the parties' in-court dispute, the purported attack on Kovarik's veracity is not pertinent and material to the redress sought. See Post, 507 A.2d at 355 (finding counsel-to-

---

[3] "Whether a privilege exists is a question of law for the court." Smith v. Griffiths, 476 A.2d 22, 25 (Pa. Super. Ct. 1984).

7

counsel correspondence unprivileged when it contained accusations that plaintiff was dishonest during prior court proceeding). Development of the factual record may add context or content to the exchange which occurred between Downey and Attorney Wentzel, but at this juncture, the court is unable to conclude that Downey's comments were privileged. Accordingly, the motion to dismiss will be denied.[4]

### B. **Enforcement of State-Court Judgment**

In Count Three of the complaint, Kovarik seeks incorporation of a money judgment rendered by the magisterial district court in Palmyra, Pennsylvania. Downey argues that this request must be dismissed, for there is not yet a valid state-court judgment to enforce. Specifically, Downey claims that he has appealed the order of the magisterial district court to the Lebanon Court of Common Pleas, which thereby entitles him to a *de novo* trial on the merits before entry of final judgment. Kovarik disputes this assertion and contends that Downey's notice of appeal was improperly served, a defect which purportedly renders the attempt to

---

[4] Downey also moves to dismiss Count Two of the complaint, which seeks a permanent injunction barring his publication of accusatory statements pertaining to Kovarik's actions in the underlying dispute, (see Doc. 1 ¶ 33). In support of his motion, Downey argues that Kovarik "cannot obtain an injunction here because [he] has not yet 'actually succeeded on the merits' of the claim." (Doc. 6 at 6.) Downey's argument is premature. "[A] district court may issue a permanent injunction . . . only after a showing of both irreparable injury and inadequacy of legal remedies, and a balancing of competing claims of injury and the public interest." Natural Resources Def. Council v. Texaco Ref. & Mktg., Inc., 906 F.2d 934, 941 (3d Cir. 1990). Kovarik need not meet these legal requirements at the outset of the litigation, however, and his request for relief is one that shall be addressed following an adjudication on the merits.

8

appeal ineffective. The court has examined the public court records proffered by the parties and it is unclear whether Downey properly filed and served his notice of appeal. Thus, this is a dispute that cannot be resolved in the Rule 12 posture, but is more appropriate for adjudication at a later juncture.[5] Accordingly, Downey's motion to dismiss Count Three of the complaint will be denied.

---

[5] Although the court will not dismiss Count Three at this time, it expresses serious doubt about the procedural propriety of the request contained therein. Kovarik claims he has already received a money judgment from the state courts and it is unclear why he does not simply execute that judgment according to procedures spelled out in the rules of Pennsylvania procedure. Instead, Kovarik seeks to merge the state-court judgment with any judgment he may attain in the instant matter. He has come forth with no authority, however, which allows a litigant to merge a state-court money judgment with an unrelated federal cause of action. This is a burden that is Kovarik's to shoulder. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("It is presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction" (internal citations omitted)). Furthermore, Kovarik's reliance on the Full Faith and Credit Clause is off-base, for he is essentially requesting that the court execute—not simply recognize—a domestic judgment. Kovarik has cited no authority, statutory or otherwise, which allows a litigant to obtain a judgment in a state tribunal, carry that judgment to a federal tribunal in the same jurisdiction, and request that the federal tribunal execute the judgment. If he wishes to proceed with Count Three, some such specific authority must be proffered.

**IV. Conclusion**

For the foregoing reasons, Kovarik has adequately stated a claim for slander under Pennsylvania state law.  In addition, Downey's motion to dismiss the request for permanent injunction and to enforce the magisterial district court judgment will be denied.

An appropriate order follows.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:      June 4, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAROMIR KOVARIK**, | : | **CIVIL ACTION NO. 1:09-CV-1646** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOSEPH DOWNEY**, | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 4th day of June, 2010, upon consideration of the motion (Doc. 5) to dismiss, filed by defendant Joseph Downey, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 5) is DENIED.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge